UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

JOSEPH GREGORY DUNBAR,

    Plaintiff

v.

    Case No. 1:18-cv-1355
    Honorable Janet T. Neff

UNKNOWN HUYGE et al.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Joseph Gregory Dunbar filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Physician's Assistant Unknown Huyge, Health Unit Manager, Jody Labarre, Psychiatrist Hanna Saad, Psychologist J. Guastella, Psychiatrist Esmaeil Emam, Psychologist Dana Butler, Psychologist Margaret Greiner, and Nurse Unknown Lake.

Plaintiff has filed a request for a temporary restraining order and preliminary injunction (ECF No. 3) and a motion for transfer to a federal facility (ECF No. 8), alleging that unnamed MDOC employees injected him with Hepatitis C in 2006 and that he has not been treated for this condition. Plaintiff previously filed a lawsuit regarding the issue of contamination, which he claims was decided in his favor. Plaintiff is incorrect. The case previously filed by Plaintiff is *Dunbar v. Prelesnik et al.*, Case No. 1:13-cv-1100 (W.D. Mich. Mar. 30, 2018), and summary judgment was granted to Defendants in that case on March 30, 2018. Plaintiff has filed an appeal, which is currently pending before the Sixth Circuit. *Id.* at ECF Nos. 110-112.

Plaintiff also alleges that he is not allowed mail, phone calls, or visits from the public and that prison employees have gotten other inmates to assault him. Plaintiff asserts that

1

he was assaulted by gang members in 2002, and that his nose was broken by inmates in 2017. Plaintiff also states that he is being threatened with injectable psychotropic medication if he refuses to take his oral medication solely because he has refused chemotherapy and was seen doing push-ups and working out. Plaintiff seeks to be transferred to federal prison for medical treatment, protection, and better treatment.

Preliminary injunctions are "one of the most drastic tools in the arsenal of judicial remedies." *Bonnell v. Lorenzo*, 241 F.3d 800, 808 (6th Cir. 2001) (quoting *Hanson Trust PLC v. ML SCM Acquisition Inc.*, 781 F.2d 264, 273 (2d Cir. 1986)). The issuance of preliminary injunctive relief is committed to the discretion of the district court. *See Ne. Ohio Coal. v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006); *Nader v. Blackwell*, 230 F.3d 833, 834 (6th Cir. 2000). In exercising that discretion, a court must consider whether plaintiff has established the following elements: (1) a strong or substantial likelihood of success on the merits; (2) the likelihood of irreparable injury if the preliminary injunction does not issue; (3) the absence of harm to other parties; and (4) the protection of the public interest by issuance of the injunction. *Id.* These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be "carefully balanced" by the district court in exercising its equitable powers. *Frisch's Rest., Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *see also Ne. Ohio Coal.*, 467 F.3d at 1009. Moreover, where a prison inmate seeks an order enjoining state prison officials, the court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988); *Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984). The party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the

circumstances. *See Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978).

The undersigned notes that Plaintiff has been transferred to the Lakeland Correctional Facility since he filed his complaint in this case. In addition, Plaintiff fails to specifically mention any of the named Defendants in his motion. A party seeking a preliminary injunction must show a relationship between the irreparable injury claimed in the motion and the claims pending in his complaint. *See Colvin v. Caruso,* 605 F.3d 282, 299-300 (6th Cir. 2010). A motion for preliminary injunction is not the means by which a plaintiff already in court on one claim can seek redress for all other conditions of confinement that he finds actionable, especially when the only remaining defendant has no power to change the conditions of plaintiff's confinement at his present institution. Simply put, a plaintiff is not entitled to a preliminary injunction on claims not pending in the complaint. *See Ball v. Famiglio,* 396 F. App'x 836, 837 (3d Cir. 2010).

Moreover, under controlling Sixth Circuit authority, Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his section 1983 action. *NAACP v. Mansfield*, 866 F.2d 162, 167 (6th Cir. 1989). Plaintiff has not made such a showing. It is not at all clear from Plaintiff's *pro se* complaint or subsequent filings that Plaintiff has a substantial likelihood of success on his Eighth Amendment claim or Due Process claims.

The Court further notes that Plaintiff has failed to show the presence of irreparable harm. A plaintiff's harm from the denial of a preliminary injunction is irreparable only if it is not fully compensable by monetary damages. *See Overstreet*, 305 F.3d at 578. Since filing this

motion, the case has proceeded without incident. There is no evidence that the named Defendants have engaged in any of the activities from which Plaintiff seeks to restrain them. Plaintiff has not set forth specific facts showing an immediate, concrete and irreparable harm in the absence of an injunction.

Finally, the interests of identifiable third parties and the public at large weigh against an injunction. Decisions concerning prison security are vested in prison officials, in the absence of a constitutional violation. Any interference by the federal courts in the administration of state prisons is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover*, 855 F.2d at 286-87. That showing has not been made here. Accordingly, Plaintiff's motion for preliminary relief will be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated:  March 27, 2019                                /s/ Ellen S. Carmody
                                                      Ellen S. Carmody
                                                      United States Magistrate Judge