UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH DUNBAR #129278,

        Plaintiff,                                      Hon. Janet T. Neff

v.                                                      Case No. 1:18-CV-1355

DAVID HUYGE, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Plaintiff's Motion to Suspend Mental Health Treatment</u>. (ECF No. 46). Plaintiff filed the present action alleging conspiracy, failure to protect, denial of equal protection, and denial of medical treatment. A Case Management Order recently issued and discovery is ongoing. Plaintiff now moves the Court to "order the Michigan Department of Corrections Mental Health Department to stop my order of mental health drugs." The Court interprets Plaintiff's motion as a request for injunctive relief. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.

Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a

preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000). Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118.

Plaintiff alleges that he has been "forced to take psychotropic drugs" and meet with a psychiatrist despite being "found to be okay" by "panels of psychologists, psychiatrists, medical doctors, nurses, and correction officials." Plaintiff alleges that a hearing was conducted to determine whether he would be forcibly medicated, but that he was not permitted to present evidence or cross-examine witnesses at this hearing. Plaintiff further alleges that certain evidence on which the decision to forcibly medicate him was based is simply "lies."

While the Court does not take Plaintiff's allegations lightly, the Court cannot overlook the fact that Plaintiff's motion is supported by no evidence other than the vague and conclusory assertions in Plaintiff's two page sworn motion. This evidence does not establish that Plaintiff's rights have been violated, that he is being denied appropriate treatment, or that he is likely to prevail on any claim arising from the facts herein alleged. Plaintiff has likewise failed to establish that he will suffer irreparable harm in the absence of injunctive relief. Finally, the Court finds that the public interest is not served by interfering in the day-to-day operations of a correctional facility in the absence of evidence warranting such.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Motion to Suspend Mental Health Treatment</u>, (ECF No. 46), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: September 3, 2019

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge