UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH GREGORY DUNBAR,

    Plaintiff,                                  Hon. Janet T. Neff

v.                                                    Case No. 1:18-cv-1355

DAVID HUYGE, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Joseph Gregory Dunbar, a prisoner incarcerated with the Michigan Department of Corrections (MDOC), filed this civil rights action pursuant to 42 U.S.C. § 1983 against numerous Defendants concerning events that occurred while Plaintiff was incarcerated at Ionia Correctional Facility (ICF) in Ionia, Michigan. Plaintiff alleged that unidentified MDOC employees injected him with Hepatitis C in 2006 and that he has not been treated for this condition; that he has not received medical treatment for an abdominal strain; that after a tumor related to colon cancer was removed at a hospital, he was returned to ICF and placed in a cube with loud inmates and without pain medication; and that he was improperly deemed mentally ill following a mental health panel hearing on October 23, 2018. In addition, Plaintiff was permitted to supplement his complaint to add claims against Defendants Michael Barrett, M.A., and Melanie Clark, M.D., concerning events that occurred at Lakeland Correctional Facility (LCF) after Plaintiff's transfer to that facility in December 2018.

The Court has before it Plaintiff's Motion for Injunctive relief and for Evidentiary Hearing, pursuant to which he requests to be transferred to a federal prison.  (ECF No. 76.)  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **DENIED**.

This is not Plaintiff's first request for injunctive relief in this case, nor is it his first request in this case for a transfer to a federal prison.[1]  On March 27, 2019, Magistrate Judge Carmody issued a Report and Recommendation recommending that Plaintiff's requests for a temporary restraining order and preliminary injunction and for transfer to a federal facility be denied.  (ECF No. 11.)  The Court adopted that recommendation on April 23, 2019.  (ECF No. 16.)  On May 9, 2019, the Court entered an Order denying Plaintiff's "Emergency Motion for Injunctive Relief to Be Immediately Transferred to Federal Prison."  (ECF No. 17.)  In that motion, Plaintiff complained about events that occurred during an April 11, 2019 hearing at LCF, which form the basis for his claims against Defendants Barrett and Clark.  The Court found that Plaintiff failed to carry his heavy burden of showing that such relief was appropriate, particularly given that federal courts' interference with the administration of state prisons weighs against the public welfare.  (*Id.* at PageID.148–49.)  Finally, on September 3, 2019, Magistrate Judge Carmody issued a Report and Recommendation recommending denial of Plaintiff's motion to suspend his mental health treatment.  (ECF No. 46.)  The Court adopted the recommendation on January 9, 2020.  (ECF No. 100.)

In his instant motion, Plaintiff states that, on October 29, 2019, non-Defendant Psychologist Burch called Plaintiff to her office and wanted him to sign a consent form for

---

[1] Plaintiff has also made the same request in previous cases filed in this Court.  *See Dunbar v. Prelesnik*, No. 1:13-CV-1100, 2015 WL 1393376, at *4 (W.D. Mich. Mar. 25, 2015) (denying request to be transferred to a federal prison due to imminent danger from, among other things, his infection with Hepatitis C).

2

voluntary mental health care, which Plaintiff refused to do.  Plaintiff states that Ms. Burch told him that Defendant Clark mistakenly failed to turn in the paperwork.  Plaintiff reiterates his claim against Defendant Clark that she lied at a hearing for involuntary mental health care when she stated that he had a long history of being referred to mental health.  Plaintiff further states that MDOC employees have been stealing his incoming and outgoing mail, have had him assaulted, and are insulting and harassing him.  Plaintiff also states that the MDOC changed his sentence from 20-to-40 years to 40-to-60 years.[2]  Plaintiff requests to be transferred to a federal prison for his safety and to send and receive mail for treatment.

     Since Plaintiff filed his motion for transfer from LCF, he has been transferred at least once, most recently to Woodland Center Correctional Facility.  (ECF No. 110.)  Thus, to the extent Plaintiff sought a transfer due to treatment or conditions he faced at LCF, his recent transfer has rendered his request for injunctive relief moot.  *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).  In any event, Plaintiff's instant motion simply regurgitates many of the same arguments he presented in his prior motions that the Court has already rejected and which the Court should reject once again.  For example, Plaintiff complains about being forced to take "psychotropic drugs," even though he is not a danger to himself or anyone else and is not violating the rules or policy, but the Court has already considered similar allegations and found that Plaintiff failed to present anything other vague and conclusory assertions.  His instant motion is similarly unsupported.

---

[2] This allegation is demonstrably false.  *See Dunbar v. Pitcher*, No. 98-2068, 2000 WL 179026, at *1 (6th Cir. Feb. 9, 2000) (affirming the dismissal of Plaintiff's habeas petition and noting that the state court sentenced Plaintiff to "40-to-60 years of imprisonment").

3

In addition, as with his other motions, Plaintiff fails to show that any of the factors pertaining to injunctive relief weighs in favor of granting the extraordinary relief he requests.[3] Those factors are:  (1) whether the movant is likely to prevail on the merits; (2) whether the movant would suffer irreparable injury if the court does not grant the injunction; (3) whether a preliminary injunction would cause substantial harm to others; and (4) whether a preliminary injunction would be in the public interest.  *See Samuel v. Herrick Mem'l Hosp.*, 201 F.3d 830, 833 (6th Cir. 2000).  As with his prior motions, Plaintiff presents no evidence indicating that he is likely to prevail on the merits of his claims in this case.  Second, even if Plaintiff had presented such evidence, he has an adequate remedy at law for the injunctive relief, namely, an award of damages.  Finally, the public interest is not served by interference with the MDOC's operations in the absence of a compelling reason warranting the relief Plaintiff seeks.  Correctional officials are professional experts in matters of security and discipline; as such, they are better suited to make decisions about security and discipline than the courts.  *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).  Moreover, "the operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial."  *Id.* at 548.  Plaintiff fails to present a compelling reason to grant the relief he seeks.

## **Conclusion**

For the reasons set forth above, I recommend that the Court **deny** Plaintiff's Motion for Injunctive Relief and an Evidentiary Hearing.  (ECF No. 76.)

---

[3]  To the extent Plaintiff intended his motion to supplement (ECF No. 95) to supplement his request for injunctive relief, the undersigned has considered it for that purpose and concludes that it does not affect the recommendation herein.

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


Dated: May 18, 2020                              /s/ Sally J. Berens
                                                 SALLY J. BERENS
                                                 U.S. Magistrate Judge