UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH GREGORY DUNBAR,

    Plaintiff,                                    Hon. Janet T. Neff

v.                                                    Case No. 1:18-cv-1355

DAVID HUYGE, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

The Court has before it Plaintiff's emergency motion for transfer to a federal prison or correctional facility (ECF No. 125), which I construe as a motion for injunctive relief. Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that Plaintiff's motion be **DENIED**.

This is Plaintiff's third request in this case to be transferred to a federal prison. On March 27, 2019, Magistrate Judge Carmody issued a Report and Recommendation recommending that Plaintiff's requests for a temporary restraining order and preliminary injunction and for transfer to a federal facility be denied. (ECF No. 11.) The Court adopted that recommendation on April 23, 2019. (ECF No. 16.) On May 18, 2020, I issued a Report and Recommendation recommending that the Court deny Plaintiff's motion for injunctive relief and for an evidentiary hearing, in which Plaintiff again requested to be transferred to a federal prison. (ECF No. 112.)

In his instant motion, Plaintiff states that: (1) he has been transferred back to Lakeland Correctional Facility, where there is no six-foot social distancing or other COVID-19 preventative measure in place; (2) he is being denied envelopes by his prison counselor, resulting in denial of

Plaintiff's access to the courts; (3) he has been placed on modified grievance restriction; and (4) he is being refused medically prescribed shoes.  (ECF No. 125 at PageID.886–88.)

As explained in *Dunbar v. Caruso*, No. 11-10123, 2012 WL 3308407 (E.D. Mich. Aug. 13, 2012), federal courts have no authority to transfer a state prisoner to a federal prison facility. *Id.* at *1 (noting that "nothing in [18 U.S.C. § 5003] or [*Howe v. Smith*, 452 U.S. 473 (1981)] grants a federal court authority to compel state prison officials to house a state prisoner in a federal prison").  I find the Eastern District of Michigan's analysis in *Dunbar* persuasive.  Plaintiff offers no authority to the contrary.  Thus, even if Plaintiff could satisfy the preliminary injunction factors—which he has not—the Court could not grant the requested relief.

## Conclusion

For the reasons set forth above, I recommend that the Court **deny** Plaintiff's Motion for Transfer to a Federal Prison or Correctional Facility.  (ECF No. 125.)

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: August 27, 2020                              /s/ Sally J. Berens
                                                    SALLY J. BERENS
                                                    U.S. Magistrate Judge