DUNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH GREGORY DUNBAR,

    Plaintiff,

v.

DAVID HUYGE, et al.,

    Defendants.
_____/

Case No. 1:18-cv-1355

HON. JANET T. NEFF

## **OPINION AND ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendants moved for summary judgment based on Plaintiff's failure to exhaust his administrative remedies. Plaintiff moved for injunctive relief, seeking a transfer. The matters were referred to the Magistrate Judge, who issued Reports and Recommendations (R&R), recommending that the Court (1) grant in part and deny in part Defendants' motions; (2) deny Plaintiff's motion; and (3) dismiss other of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(*ii*). The matter is presently before the Court on Plaintiff's objections to the Reports and Recommendations. Additionally, Plaintiff has filed appeals from two pretrial orders of the Magistrate Judge. The Court denies the objections, denies the appeals, and issues this Opinion and Order.

### I.    Plaintiff's Objections

In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Reports and Recommendations to which objections have been made.

A. <u>Objections to May 18, 2020 Report and Recommendation</u> (ECF No. 112)

Plaintiff makes two general objections to the Magistrate Judge's May 18, 2020 Report and Recommendation. First, Plaintiff objects to the Magistrate Judge's determination that his motion for injunctive relief is moot (Pl. Obj., ECF No. 116). Plaintiff argues that immediately following his transfer to the Lakeland Correctional Facility, he was transferred back, making his request for injunctive relief not moot (*id.* at PageID.861-62). Plaintiff's objection is properly denied. Even if his request for injunctive relief is not moot, Plaintiff fails to address, let alone demonstrate, that the Magistrate Judge erred in concluding that the factors pertaining to injunctive relief do not weigh in favor of granting him such relief.

Second, Plaintiff reiterates his assertion that "…corrections employees changed my sentence from 20-to-40 years to 40-to-60 years" (Pl. Obj., ECF No. 116 at PageID.862). Plaintiff's assertion lacks merit. As pointed out by the Magistrate Judge, Plaintiff's state court sentence is 40-to-60 years of imprisonment (R&R, ECF No. 112 at PageID.832 n.2, citing *Dunbar v. Pitcher*, No. 98-2068, 2000 WL 179026, at *1 (6th Cir. Feb. 9, 2000)).

Having denied Plaintiff's objections, this Court will adopt the Magistrate Judge's May 18, 2020 Report and Recommendation as the Opinion of this Court.

B. <u>Objections to June 3, 2020 Report and Recommendation</u> (ECF No. 114)

Plaintiff also makes two general objections[1] to the Magistrate Judge's June 3, 2020 Report and Recommendation. First, Plaintiff objects to the Magistrate Judge's recommendation that this Court dismiss without prejudice Plaintiff's claim against Defendant Guastella (R&R, ECF No. 114 at PageID.857). Plaintiff argues that he was "…not allowed to cross examine [Guastella]" during

---

[1] Plaintiff includes three additional matters in his objections that were not presented to the Magistrate Judge and are not properly before this Court: Plaintiff asserts that Defendant Clark "upped" his dosage of medication in retaliation for filing a grievance, the seal of his mask was "broken off," and he has been placed "in front of the very big fans" (Pl. Obj., ECF No. 121 at PageID.875-876).

his mental health hearings (Pl. Obj., ECF No. 121 at PageID.875-876). Plaintiff's objection fails to address, let alone refute, that he did not identify a grievance exhausting any claim against Defendant Guastella. Plaintiff therefore demonstrates no factual or legal error in the Magistrate Judge's conclusion that Defendant Guastella is properly dismissed.

Second, Plaintiff objects to the Magistrate Judge's recommendation that this Court dismiss Plaintiff's claims under 42 U.S.C. §§ 1981, 1985(3), 1986 for failure to state a claim (*id.* at PageID.876). However, Plaintiff fails to provide any argument as to why those claims should not be dismissed. Plaintiff's mere disagreement with the Magistrate Judge's recommendation does not demonstrate any factual or legal error by the Magistrate Judge.

Having denied the objections, the Court will adopt the Magistrate Judge's June 3, 2020 Report and Recommendation as the Opinion of this Court.

## II.     Plaintiff's Appeals

In accordance with 28 U.S.C. § 636(b)(1)(A) and FED. R. CIV. P. 72(a), the Court has reviewed the two pretrial orders from which Plaintiff appeals to determine whether the decisions are either "clearly erroneous or contrary to law."

A.     <u>Appeal from January 29, 2020 Order</u> (ECF No. 106)

On January 29, 2020, the Magistrate Judge issued an Order that granted a defense stipulation and protective order for the use of audio footage from Plaintiff's April 11, 2019 mental health panel hearing (ECF No. 103 at PageID.791-792).

In his appeal from the Order, Plaintiff requests that "…all of my records, audio or otherwise, be available to the public" (ECF No. 106 at PageID.803). Plaintiff argues that he "…was not allowed to present evidence, or witnesses, and also not allowed to cross-examine

3

witnesses at the involuntary mental health hearings in violation of the Fourteenth Amendment" (*id.*).

The Magistrate Judge's January 29, 2020 Order only pertains to the proper use of the April 11, 2019 audio footage and does not address other records or the manner in which the mental health hearings were conducted. Plaintiff's appeal fails to identify, let alone demonstrate, any factual or legal error by the Magistrate Judge in granting the stipulation and protective order. Therefore, the appeal is denied.

  B. Appeal from June 18, 2020, Order (ECF No. 123)

On June 18, 2020, the Magistrate Judge issued an Order granting Defendants' Motion to Strike Plaintiff's Motion for Trial by Jury (ECF No. 122). The Magistrate Judge agreed with Defendants that Plaintiff's jury demand was, "in reality, an unauthorized sur-reply to Defendants' reply in support of their motion for summary judgment (ECF No. 91) for which Plaintiff did not obtain leave to file" (*id.* at PageID.879).

In his appeal from the Magistrate Judge's Order, Plaintiff argues that the Magistrate Judge improperly struck his filing "without any findings of facts or conclusions of law in violation of Federal Rule[] of Civil Procedure[] Rule 52" (ECF No. 123 at PageID.880). And, citing Rule 56, Plaintiff explains that he "had to demonstrate an issue of fact to be entitled to a Jury Trial" (*id.*).

Plaintiff's appeal is properly denied. Rule 52 governs bench trials and does not require a judge to include findings of fact or conclusions of law when deciding to strike a motion. Moreover, Plaintiff does not demonstrate any error by the Magistrate Judge in striking Plaintiff's jury demand, which she determined was an unauthorized sur-reply brief. Sur-reply briefs are only permitted with leave of Court, *see* W.D. Mich. LCivR 7.2(c), which Plaintiff had not sought.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 116) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 112) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Injunctive Relief (ECF No. 76) is DENIED.

**IT IS FURTHER ORDERED** that the Objections (ECF No. 121) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 114) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(*ii*), that Plaintiff's claims under 42 U.S.C. §§ 1981, 1985(3), 1986; his conspiracy claim under § 1983; his claims against Defendants LeBarre, Saad, and Lake; and his interference-with-right-to-file-grievances and retaliation claims against Defendant Clark are DISMISSED for failure to state a claim for the reasons stated in the Report and Recommendation (ECF No. 114).  Defendants LeBarre, Saad, and Lake are TERMINATED.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 71) is GRANTED IN PART and DENIED IN PART for the reasons stated in the Report and Recommendation (ECF No. 114).  Specifically, Plaintiff's claim against Defendant Guastella is dismissed without prejudice, and Defendant Guastella is TERMINATED; the Court concludes that Plaintiff properly exhausted his claims against Defendants Butler and Greiner.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 91) is GRANTED IN PART and DENIED IN PART for the reasons stated in the Report and Recommendation (ECF No. 114).  Specifically, the Court grants summary judgment on Plaintiff's

claim against Defendant Clark that she lied at the January 17, 2019 panel hearing, and the Court concludes that Plaintiff properly exhausted his claims against Defendants Huyge and Emam.

**IT IS FURTHER ORDERED** that Plaintiff's appeal (ECF No. 106) from the Magistrate Judge's Order (ECF No. 103) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's appeal (ECF No. 123) from the Magistrate Judge's Order (ECF No. 122) is DENIED.


Dated:  September 3, 2020                          /s/ Janet T. Neff
                                                                                            JANET T. NEFF
                                                                                           United States District Judge