UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH GREGORY DUNBAR,

    Plaintiff,                                               Hon. Hala Y. Jarbou

v.                                                                 Case No. 1:18-cv-1355

DAVID HUYGE, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Unknown Barrett's Motion for Summary Judgment for Failure to Exhaust. (ECF No. 130.) Plaintiff has failed to respond to Defendant's motion within the time permitted by Western District of Michigan Local Civil Rule 7.2(c). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **GRANTED**.

Plaintiff is a prisoner currently incarcerated with the Michigan Department of Corrections (MDOC) at Lakeland Correctional Facility (LCF). On December 6, 2018, Plaintiff filed a complaint against a number of MDOC employees alleging claims pursuant to 42 U.S.C. §§ 1981, 1983, 1985(3), and 1986 arising out of events that occurred while Plaintiff was incarcerated at Ionia Correctional Facility (ICF) in Ionia, Michigan. Subsequently, Plaintiff supplemented his complaint to add claims against other Defendants based on events that occurred at LCF after Plaintiff transferred there in December 2018.

Defendant Barrett, a psychologist, is one of the Defendants Plaintiff added to the case pursuant to his supplemental complaint. Plaintiff alleges that Defendant Barrett, who was serving

1

as Plaintiff's mental health advisor in connection with an April 11, 2019 involuntary mental health hearing, violated Plaintiff's right to notice of the date of the hearing, at which Plaintiff could not present witnesses, produce evidence, or cross-examine witnesses. (ECF No. 26 at PageID.168.) Plaintiff further alleges that Defendant Barrett refused to contact any of Plaintiff's witness for the April 11, 2019 hearing. (*Id.*)

Defendant Barrett moves for summary judgment based on Plaintiff's failure to exhaust his administrative remedies. Generally, where the non-moving party fails to respond to a motion for summary judgment, "the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)). In addition, because failure to exhaust is an affirmative defense upon which Defendants bear the burden of proof, *see Jones v. Bock*, 549 U.S. 199, 216 (2007), the Court must ensure that "no reasonable trier of fact could find other than for [Defendants]." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).

The Supreme Court has held that a prisoner properly exhausts a claim for purposes of 42 U.S.C. § 1997e(a) by complying with the prison's "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated:

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218. A prisoner incarcerated with the MDOC must "pursue a grievance through all three steps of the grievance process [set forth in MDOC Policy Directive 03.02.130]." *Weatherspoon v. Strahan*, No. 18-2210, 2019 WL 5306842, at *1 (6th Cir. June 4, 2019).

2

Plaintiff referenced two grievances in his supplemental complaint in connection with his claim against Defendant Barrett, LCF 19-04-00368-28C (the 368 Grievance) and LCF 19-01-0065-28B (the 065 Grievance). In support of their motion, Defendants attach a copy of the 368 Grievance naming Barrett, which was rejected at Step I pursuant to MDOC Policy Directive 03.02.130 as containing multiple issues. (ECF No. 131-3 at PageID.927.) Defendants also attach a copy of a Step III Grievance Report showing grievances that Plaintiff exhausted through Step III during the relevant time period. (ECF No. 131-4.) The Step III Grievance Report shows that Plaintiff did not exhaust the 368 Grievance through Step III. Although Defendants do not attach a copy of the 065 Grievance, the Step III Grievance Report conclusively shows that the 065 Grievance could not have exhausted Plaintiff's claim against Defendant Barrett regarding the April 11, 2019 hearing. The 065 Grievance appeal was received at Step III on February 25, 2019—approximately six weeks before the April 11, 2019 hearing occurred. Moreover, the Step III Grievance Report indicates that the 065 Grievance was rejected at Step III and, thus, was not properly exhausted.[1] (*Id.* at PageID.935.)

Based on the foregoing, Defendant Barrett has met his burden of showing that Plaintiff failed to exhaust his administrative remedies and that Defendant Barrett is entitled to summary judgment.

For the foregoing reasons, I recommend that Defendant Barrett's Motion for Summary Judgment Based on Failure to Exhaust (ECF No. 130) be granted and that Plaintiff's claim against Defendant Barrett be **dismissed without prejudice**.

---

[1] Defendant Barrett also attaches a copy of Grievance 19-04-00369-28A (the 369 Grievance), which was rejected as duplicative of the 368 Grievance. (ECF No. 131-3 at PageID.928.) Even if the 369 Grievance had not been rejected at Step I, it would not exhaust Plaintiff's claim because Plaintiff did not pursue it through Step III. (ECF No. 131-4 at PageID.933.)

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: October 26, 2020            /s/ Sally J. Berens
                                                           SALLY J. BERENS
                                                           U.S. Magistrate Judge