UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH GREGORY DUNBAR,

    Plaintiff,

v.

DAVID HUYGE, et al.,

    Defendants.
_____/

Case No. 1:18-cv-1355

Honorable Hala Y. Jarbou

## ORDER

Movant Joseph Dunbar, currently held in Michigan's Lakeland Correctional Facility, seeks an order from this Court to transfer him to a federal facility under 18 U.S.C. § 5003. (ECF No. 125.) He alleges that the Lakeland facility poses unsafe conditions in light of the COVID-19 pandemic, and that Lakeland prison officials are withholding his mail and denying medical care. Magistrate Judge Sally J. Berens issued a Report and Recommendation (R&R) recommending that the Court deny Dunbar's motion because the Court lacked authority to order the transfer. (ECF No. 133.) Before the Court is Dunbar's objection to the R&R. (ECF No. 136.)

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court must conduct de novo review of those portions of the R&R to which objections have been made. Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

The magistrate judge determined that 18 U.S.C. § 5003 does not confer federal courts the authority to order the transfer of a state prisoner to a federal facility. Dunbar objects to this determination and cites several cases to support his position that federal courts can order such transfers. However, the cases cited are distinguishable and do not demonstrate that this Court has the power to order Dunbar's transfer. All the cases raised by Dunbar address one particular situation: a state contracts with the federal government to have an inmate transferred to a federal facility under 18 U.S.C. § 5003, and the prisoner files a petition to prevent their transfer. *See, e.g.*, *Fletcher v. Warden, U.S. Penitentiary, Leavenworth, Kan.*, 641 F.2d 850 (10th Cir. 1981); *U.S. ex rel. Hoover v. Franzen*, 669 F.2d 433, 445 (7th Cir. 1982) (citing *Howe v. Smith*, 452 U.S. 473 (1981)). Courts have held that prisoners can be transferred from state to federal facilities in such situations, provided that the transfer complies with the provisions of 18 U.S.C. § 5003. *Id.*

The present case is different. Here, the state of Michigan is not seeking a transfer. Dunbar is. Thus, the question at issue is not whether states can transfer prisoners to federal facilities, but whether a state prisoner can seek transfer on his own accord. In the R&R, the magistrate judge cites a case from the Eastern District of Michigan, *Dunbar v. Caruso*, No. 11-10123, 2012 WL 3308407, at *1 (E.D. Mich. Aug. 13, 2012), which held that "nothing in [18 U.S.C. § 5003] . . . grants a federal court authority to compel state prison officials to house a state prisoner in a federal prison." The Court is similarly persuaded by *Caruso*. None of the cases cited by Dunbar contradict *Caruso*'s holding, which directly addresses the situation where it is the prisoner, rather than the state, seeking transfer. This Court lacks authority to order Dunbar's transfer to a federal facility.

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 133) is **ACCEPTED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Dunbar's Motion to Transfer (ECF No. 125) is **DENIED.**

Dated:   November 9, 2020              /s/ Hala Y. Jarbou
                                                                 HALA Y. JARBOU
                                                                 UNITED STATES DISTRICT JUDGE